**THE LAW OFFICES OF JACOB ARONAUER**
Jacob Aronauer
225 Broadway, 3rd Floor
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
**BOLIVAR PEÑA, FRANCISCO SURIEL,**
**and OSCAR VILLALTA, on behalf of**
**themselves and others similarly situated,**

|  |  |
|---|---|
| **Plaintiffs,** | COMPLAINT |
|  | FLSA COLLECTIVE ACTION |
| **-against-** | ECF CASE |

**9019, LLC d/b/a Caridad Restaurant, and**
**HILDA TAVERAS, BRUNO TAVERAS**
**and MELANIA JIMENEZ, individually,**

                                                          **Defendants.**

-------------------------------------------------------------------------X

    Plaintiffs Bolivar Peña, Francisco Suriel and Oscar Villalta ("Plaintiffs"), on behalf of themselves and others similarly situated, by and through their attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of 9019, LLC d/b/a Caridad Restaurant ("Caridad Restaurant") and Hilda Taveras ("Hilda Taveras"), Bruno Taveras ("Bruno Taveras") and Melania Jimenez ("Jimenez"), individually (collectively herein the "Defendants"), allege the following:

<u>**NATURE OF THE ACTION**</u>

1.   This is a civil action brought by Plaintiffs and all similarly situated employees to recover unpaid overtime compensation and unpaid minimum wage compensation under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

Plaintiffs and the collective class work or have worked at the restaurant controlled and operated by Hilda Taveras and the husband-wife team of Bruno Taveras and Melania Jimenez.

2. Plaintiffs bring this action on behalf of themselves and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA that occurred at the restaurant owned and controlled by the Defendants located in Woodhaven, New York.

3. Plaintiffs and the FLSA collective also bring this action under the Wage Theft Protection Act, for Defendants' failure to provide written notice of wage rates in violation of said laws.

4. Plaintiffs and the FLSA collective class seek injunctive and declaratory relief against Defendants for Defendants' unlawful actions, compensation for Defendants' failure to pay overtime wages and minimum wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## **JURISDICTION AND VENUE**

5. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

6. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiff Bolivar Peña**

8. Plaintiff Bolivar Peña ("Peña") is an adult individual residing in Brooklyn, New York.

9. Plaintiff Peña was employed at the Caridad Restaurant located at 9019 Jamaica Avenue, Woodhaven, NY 11421.

10. Plaintiff Peña worked at the Caridad Restaurant from on or about March 2010 through August 2017.

11. Plaintiff Peña was a covered employee within the meaning of the FLSA and the NYLL.

**Plaintiff Francisco Suriel**

12. Plaintiff Francisco Suriel ("Suriel") is an adult individual residing in Brooklyn, New York.

13. Plaintiff Suriel was employed at the Caridad Restaurant located at 9019 Jamaica Avenue, Woodhaven, NY 11421.

14. Plaintiff Suriel worked at the Caridad Restaurant from on or about November 2013 through November 2017.

15. Plaintiff Suriel was a covered employee within the meaning of the FLSA and the NYLL.

**Plaintiff Oscar Villalta**

16. Plaintiff Oscar Villalta ("Villalta") is an adult individual residing in Queens, New York.

17. Plaintiff Villalta was employed at the Caridad Restaurant located at 9019 Jamaica Avenue, Woodhaven, NY 11421.

18. Plaintiff Villalta worked at the Caridad Restaurant from on or about March 2012 through November 2017.

19. Plaintiff Villalta was a covered employee within the meaning of the FLSA and the NYLL.

**Defendants**

20. Defendant Hilda Taveras owns and maintains control, oversight, and the direction of the Caridad Restaurant, located at 9019 Jamaica Avenue, Woodhaven, NY 11421.

21. Defendant Hilda Taveras is a person engaged in business in Queens County, who is sued individually in her capacity as an owner, officer, and/or agent of the Caridad Restaurant.

22. Defendant Hilda Taveras exercised sufficient control over the Caridad Restaurant to be considered Plaintiffs' employer under the FLSA and the NYLL, and at all times material hereto said Defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at the Caridad Restaurant.

23. Defendant Bruno Taveras owns and maintains control, oversight, and the direction of the Caridad Restaurant, located at 9019 Jamaica Avenue, Woodhaven, NY 11421.

24. Defendant Bruno Taveras is a person engaged in business in Queens County, who is sued individually in his capacity as an owner, officer, and/or agent of the Caridad Restaurant.

25. Defendant Bruno Taveras exercised sufficient control over the Caridad Restaurant to be considered Plaintiffs' employer under the FLSA and the NYLL, and at all times material hereto said Defendant had the authority to hire and fire employees and

established and maintained policies regarding the pay practices at the Caridad Restaurant.

26. Defendant Melania Jimenez owns and maintains control, oversight, and the direction of the Caridad Restaurant, a restaurant located at 9019 Jamaica Avenue, Woodhaven, NY 11421.

27. Defendant Melania Jimenez is a person engaged in business in Queens County, who is sued individually in her capacity as an owner, officer, and/or agent of the Caridad Restaurant.

28. Defendant Melania Jimenez exercised sufficient control over the Caridad Restaurant to be considered Plaintiffs' employer under the FLSA and the NYLL, and at all times material hereto said Defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at the Caridad Restaurant.

29. At all times relevant to this action, the Caridad Restaurant has been an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

30. On information and belief, the Caridad Restaurant has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person; and (2) an annual gross volume of sales in excess of $500,000.00.

**COLLECTIVE ACTION ALLEGATIONS**

31. The claims in this Complaint arising out of the FLSA are brought by Plaintiffs on behalf of themselves and other similarly situated restaurant workers who are current

and former employees of the Caridad Restaurant since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

32. The FLSA Collective consists of approximately 30 similarly situated current and former restaurant workers at the Caridad Restaurant who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

33. As part of their regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiffs and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA.  This policy and/or policy includes, *inter alia*, the following:

    i.   failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week;

    ii.   failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL;

    iii.   failing to pay employees the applicable minimum wage rate for all hours worked.

34. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.  Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiffs and the FLSA Collective.

35. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiable and locatable through their records.  These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

36. The positions of deliveryman, assistant to the cook, dishwasher, and cook are not exempt and have never been exempt. These positions, though, are not paid overtime for all hours worked in excess of forty (40) hours per week.

37. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

38. Defendants failed to compensate Plaintiffs and members of the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any workweek.  The exact accounting of such discrepancy can only be determined upon completion of discovery.

39. Plaintiffs and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and any anything otherwise required by law.

40. Defendants paid Plaintiffs and members of the FLSA Collective wages without any accompanying statement listing:  the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; the regular hourly rate or rates of pay; the overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in accordance with NYLL § 195(3).

## FACTS

### 9019, LLC

41. Upon information and belief, Hilda Taveras, Bruno Taveras and Melania Jimenez are the owners of 9019, LLC.

42. 9019, LLC d/b/a Caridad Restaurant is a restaurant located at 9019 Jamaica Avenue, Woodhaven, NY 11421.

43. The DOS filing date for 9019, LLC was June 5, 2017.

44. Prior to the formation of 9019, LLC, the corporate name for the Caridad Restaurant was Caridad Restaurant Corp.

45. According to the NYS DOS Corporation Database, the DOS filing date for Caridad Restaurant Corp. is October 20, 2009, and Caridad Restaurant Corp. was dissolved on April 5, 2018.

46. Hilda Taveras is listed as the Chief Executive Officer for Caridad Restaurant Corp. on the NYS DOS Corporation Database.

47. Upon information and belief, despite the change in the corporation name of the Caridad Restaurant, the individual owners and managers of the Caridad Restaurant did not change.

48. Upon information and belief, the Caridad Restaurant has been owned and operated by Defendants since at least 2009.

### Plaintiffs' Employment at the Caridad Restaurant

49. Plaintiffs worked in various positions at the Caridad Restaurant for Defendants between March 2010 through November 2017.

50. Throughout Plaintiffs' employment with Defendants, Plaintiffs each worked more than 40 hours each week.

51. Throughout Plaintiffs' employment with Defendants, even though Plaintiffs were not exempt, Plaintiffs were not paid overtime in compliance with the FLSA and NYLL.

52. Rather, Plaintiffs were paid the same hourly rate for all hours of work preformed irrespective of overtime rates.

53. Throughout Plaintiffs' employment, Defendants never required Plaintiffs to "clock in" or "clock out."

54. Throughout Plaintiffs' employment, Defendants paid Plaintiffs by cash.

55. Throughout Plaintiffs' employment with Defendants, Plaintiffs were never provided any information by Defendants with respect to the amount of hours they worked.

56. Throughout Plaintiffs' employment, Plaintiffs never received any notation of their rates of pay.

57. Throughout Plaintiffs' employment, Plaintiffs received a half-hour meal break.

**Plaintiff Peña's Work**
**Schedule and Salary at the Caridad Restaurant**

58. Plaintiff Peña worked at the Caridad Restaurant from on or about March 2010 through August 2017.

59. From approximately March 2010 through December 2012, Plaintiff Peña worked as a deliveryman, dishwasher and assistant to the cook.

60. During this period, from approximately March 2010 through December 2012, Plaintiff Peña worked 6 days per week, 8 hours per day for $60.00 per workday.

61. From approximately January 2013 through June 2016, Plaintiff Peña worked as a cook at the Caridad Restaurant.

62. During this period, from approximately January 2013 through June 2016, Plaintiff Peña worked 6 days per week, 8 hours per day.

63. In the beginning of this period Plaintiff Peña received approximately $500.00 per workweek.

64. From approximately July 2017 through August 2017 Plaintiff Peña worked as a cook and deliveryman at the Caridad Restaurant.

65. During this period, from approximately July 2017 through August 2017, Plaintiff Peña worked as a cook 4 days per week, 8 hours per day for $100 per workday. Plaintiff Peña also worked as a deliveryman for 1 day per week, 8 hours per day for $60 per workday.

66. Throughout Plaintiff Peña's employment at the Caridad Restaurant, Plaintiff was required to work 7 days per week approximately 7 weeks per year when other employees went on vacation.

**Plaintiff Suriel's Work**
**Schedule and Salary at the Caridad Restaurant**

67. Plaintiff Suriel worked at the Caridad Restaurant from on or about November 2013 through November 2017.

68. From approximately November 2013 through December 2013, Plaintiff Suriel worked as a busboy at the Caridad Restaurant.

69. During this period, from approximately November 2013 through December 2013, Plaintiff Suriel worked 2 days per week, 8.5 hours per day and was paid $50 per workday.

70. From approximately January 2014 through May 2015, Plaintiff Suriel worked as a deliveryman, dishwasher and assistant to the cook at the Caridad Restaurant.

71. During this period, from approximately January 2014 through May 2015, Plaintiff Suriel worked 6 days per week, 9 hours per day for $60 per workday.

72. From approximately June 2015 through August 2015, Plaintiff Suriel worked as a waiter and deliveryman, dishwasher and prep cook with the Caridad Restaurant.

73. During this period, from approximately June 2015 through August 2015, Plaintiff Suriel worked as a waiter 3 days a week, 9 hours per day for $35 per workday. Plaintiff Suriel also worked as a deliveryman, dishwasher and assistant to the cook 3 days per week, 9 hours per workday for $60 per workday.

74. From approximately September 2015 through October 2015, Plaintiff Suriel worked as a waiter at the Caridad Restaurant.

75. During this period, from approximately September 2015 through October 2015, Plaintiff Suriel worked 5 days per week, 9 hours per day for $35 per workday.

76. From approximately November 2015 through March 2016, Plaintiff Suriel worked as a waiter and also worked as a deliveryman, dishwasher and assistant to the cook.

77. During this period, from approximately November 2015 through March 2016, Plaintiff Suriel worked as a waiter 5 days a week, 9 hours per day for $35 per workday. He also worked 2 days a week, 8 hours per day as a deliveryman, dishwasher and assistant to the cook for $80 per workday.

78. Plaintiff Suriel worked 17 hours consecutively for two consecutive days during the period from approximately November 2015 through March 2016.  This was because Plaintiff was scheduled for a shift as a waiter and as a deliveryman, dishwasher and assistant to the cook in the same day.

79. From approximately April 2016 through June 2016, Plaintiff Suriel worked as a waiter at the Caridad Restaurant.

80. During this period, from approximately April 2016 through June 2016, Plaintiff Suriel worked 5 days per week, 9 hours per day for $35 per workday.

81. From approximately July 2016 through March 2017, Plaintiff Suriel worked as a cashier at the Caridad Restaurant.

82. During this period, from approximately July 2016 through March 2017, Plaintiff Suriel worked 5 days per week, 9 hours per day for $80 per workday.

83. From approximately April 2017 through November 2017, Plaintiff Suriel worked as a cook and food preparer for the Caridad Restaurant.

84. During this period, from approximately April 2017 through November 2017, Plaintiff Suriel worked 4 days per week as a cook, 8 hours per day for $110 per workday. Plaintiff Suriel also worked doing food preparation 2 days per week, 8 hours per day for $80 per workday.

85. During the last 3 weeks of Plaintiff Suriel's employment, in November 2017, Plaintiff Suriel worked as a cook at the Caridad Restaurant.

86. During this period, in November 2017, Plaintiff Suriel worked 4 days per week, 8 hours per day as a cook for $110 per workday.

87. Throughout Plaintiff Suriel's employment at the Caridad Restaurant, Plaintiff was required to work 7 days per week approximately 2 weeks per year when other employees went on vacation.

**Plaintiff Villalta's Work**
**Schedule and Salary at the Caridad Restaurant**

88. Plaintiff Villalta worked at the Caridad Restaurant from approximately March 2012 through November 2017.

89. From approximately March 2012 through July 2012, Plaintiff Villalta worked as a deliveryman, dishwasher and assistant to the cook at the Caridad Restaurant.

90. During this period, from approximately March 2012 through July 2012, Plaintiff Villalta worked 6 days per week, 8.5 hours per day for $60 per day.

91. From approximately September 2012 through October 2015, Plaintiff Villalta worked as a cook and a deliveryman, dishwasher, and assistant to the cook at the Caridad Restaurant.

92. During this period, from approximately September 2012 through October 2015, Plaintiff Villalta worked as a cook 2 days per week, 10 hours a day for $85 per workday. Plaintiff Villalta worked as a deliveryman/dishwasher/assistant to the cook 4 days per week, 8.5 hours per day for $60 per workday.

93. In November 2015, Plaintiff Villalta aggravated the back injury that occurred while on duty at the Caridad Restaurant in August 2012. Due to the condition of his back, Plaintiff Villalta was out of work from approximately November 2015 through February 2016.

94. From approximately March 2016 through May 2016, Plaintiff Villalta worked as a cook and a deliveryman, dishwasher, and assistant to the cook at the Caridad Restaurant.

95. During this period, from approximately March 2016 through May 2016, Plaintiff Villalta worked as a cook 2 days per week, 10 hours a day for $85 per workday.

Plaintiff Villalta worked as a deliverymany, dishwasher, and assistant to the cook 4 days per week, 8.5 hours per day for $60 per workday.

96. From approximately June 2016 through November 2017, Plaintiff Villalta worked as a cook at the Caridad Restaurant.

97. During this period, from approximately June 2016 through November 2017, Plaintiff Villalta worked as a cook 4 days per week, 8 hours per day for $100 per workday.

98. Throughout Plaintiff Villalta's employment at the Caridad Restaurant, Plaintiff was required to work 7 days per week approximately 7 weeks per year to cover vacation days of other employees.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act-Minimum Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective Plaintiffs)**

99. Plaintiffs, on behalf of themselves and the FLSA Collective, re-allege and incorporate by reference all allegations in all preceding paragraphs.

100. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

101. At all times relevant, Plaintiffs and the FLSA Collective Plaintiffs were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*, and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. § 203. At all relevant times, each Defendant has employed "employee[s]," including Plaintiffs and the FLSA Collective Plaintiffs.

102. Defendants were required to pay directly to Plaintiffs and the FLSA Collective Plaintiffs the applicable federal minimum wage rate for all hours worked.

103.     Defendant failed to pay Plaintiffs and the FLSA Collective Plaintiffs the minimum wages to which they are entitled under the FLSA.

104.     Defendants' unlawful conduct has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective Plaintiffs.

105.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 28 U.S.C. §§ 201 *et seq*.

106.     As a result of Defendants' willful violations of the FLSA, Plaintiffs and the FLSA Collective Plaintiffs have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

### SECOND CAUSE OF ACTION
### New York Labor Law—Minimum Wage
### <u>(Brought on behalf of Plaintiffs)</u>

107.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

108.     Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

109.     At all times relevant, Plaintiffs have been employees of Defendants, and Defendants have been employers of Plaintiffs within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

110.     At all times relevant, Plaintiffs have been covered by the NYLL.

111.    The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiffs.

112.    Defendants failed to pay Plaintiffs the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

113.    Through their knowing or intentional failure to pay minimum hourly wages to Plaintiffs, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

114.    Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**Fair Labor Standards Act-Overtime Wages**
**(on behalf of Plaintiffs and the FLSA Collective Plaintiffs)**

115.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

116.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiffs.

117.    Plaintiffs worked in excess of forty hours during all workweeks in the relevant period.

118.    Defendants willfully failed to pay Plaintiffs the appropriate overtime premiums for all hours worked in excess of 40 hours per workweek, as required by the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations.

119.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants are aware or should have been aware that the practices described in this Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs.

120.     Because Defendants' violations of the FLSA have been willful, a three year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

121.     As a result of Defendants' willful violations of the FLSA, Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

### FOURTH CAUSE OF ACTION
### New York Labor Law-Unpaid Overtime
### (on behalf of Plaintiffs)

122.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

123.     Defendants failed to pay Plaintiffs the proper overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

124.     Defendants failed to pay Plaintiffs one and one-half times his regular hourly rate of pay for all work in excess of forty hours per workweek.

125.     Through their knowing or intentional failure to pay Plaintiffs overtime wages for hours works worked in excess of forty hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

126.     Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided

for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

### FIFTH CAUSE OF ACTION
### New York Labor Law–Failure to Provide Annual Wage Notices
### (on behalf of Plaintiffs)

127.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

128.    Defendants have willfully failed to supply Plaintiffs with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiffs as their primary language, containing Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

129.    Through their knowing or intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations.

130.    Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiffs are entitled to statutory Penalties of fifty dollars for each workweek before December 29, 2014 and fifty dollars for each day beginning on December 29, 2014 that Defendants failed to provide Plaintiffs with wage notices, or a total of five thousand dollars each,

reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

**SIXTH CAUSE OF ACTION**
**New York Labor Law-Failure to Provide Wage Statements**
**(on behalf of Plaintiffs)**

131.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

132.    Defendants have willfully failed to supply Plaintiffs with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

133.    Through their knowing or intentional failure to provide Plaintiffs with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Regulations.

134.    Due to Defendants' willful violations of NYLL, Article 6,  § 195(3), Plaintiffs are entitled to statutory Penalties of one hundred dollars for each workweek before December 29, 2014 and two hundred and fifty dollars for each workday beginning on December 29, 2014 that Defendants failed to provide Plaintiffs with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for the entry of an order and judgment against the Defendants 9019, LLC d/b/a Caridad Restaurant, and Hilda Taveras, Bruno Taveras, and Melania Jimenez, jointly and severally, as follows:

(a)  Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b)  Damages for the unpaid overtime and wages due to Plaintiffs and the FLSA Collective, in an amount to be determined at the trial of this action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of this action;

(c)  Damages for unpaid minimum wages and overtime wages due to Plaintiffs and the FLSA Collective in an amount to be determined at the trial of this action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of this action;

(d)  Penalties of fifty dollars for each workday that Defendants failed to provide Plaintiffs and the FLSA Collective with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(e)  Penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiffs and the FLSA Collective with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

(f)  Awarding damages as a result of Defendants' failure to furnish a notice at the time of hiring pursuant to NYLL;

(g)     For prejudgment interest on the foregoing amounts;

(h)     For the costs and disbursements of this action, including attorneys' fees; and

(i)     For such other further and different relief as this Court deems just and proper.

Dated:  June 26, 2018
        New York, New York

                                    **THE LAW OFFICES OF JACOB ARONAUER**


                                    Respectfully submitted,

                                    */s/ Jacob Aronauer*_____
                                    Jacob Aronauer
                                    *Attorney for Plaintiffs*